# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RONALD FLOURNOY, | Case No. 1:18-cv-01051-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| JD HOME RENTALS APARTMENTS, | (ECF No. 5) |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Ronald Flournoy, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was screened on August 21, 2018 and the Court found that it failed to state a cognizable claim. (ECF No. 1.) Plaintiff was granted leave to file an amended complaint within thirty days. (Id.) On September 4, 2018, Plaintiff filed an amended complaint. (ECF No. 5.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners);

Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

# I.

# DISCUSSION

Plaintiff brings this action against JD Home Rentals (a private owner) alleging that he did not receive a fair hearing in violation of the Due Process Clause. Plaintiff contends that JD Home Rentals has breached their rental contract and perjured themselves by sending him three notices to perform conditions or quit on October 23, 2017; June 19, 2018; and July 15, 2018, which state that they have received complaints from residents in his area about loud music, loud noise, nuisance and interference with other residents. Plaintiff states that he contacted the Fresno Police Department and there were no calls for service on those dates.

**A.      Section 1983**

Plaintiff brings this action alleging violation of his right to due process under the Fourteenth Amendment. Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v.

1 Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). The Fourteenth Amendment applies only to state action and does not apply to merely private conduct, no matter how discriminatory or wrongful. Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). Therefore, to state a claim for denial of due process in violation of the Fourteenth Amendment, Plaintiff must allege "state action." Collins, 878 F.2d at 1147.

Here, Plaintiff alleges that Defendant was acting under color of authority of Fresno, California in serving quit notices on him. However, there are no factual allegations in the complaint to demonstrate that Defendant was anything other than a private actor. In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. Plaintiff has failed to allege any facts to support the allegation that Defendant is a state actor.

Based upon review of the allegations and the exhibits attached to the complaint, Plaintiff has entered into a rental agreement with Defendant, a private party. (ECF No. 1 at 52-56.) The apartment complex has served quit notices on Plaintiff. Although the incidents in the complaint occurred in Fresno, this is insufficient to demonstrate that Defendant was acting under the authority of any state or municipal entity. As Plaintiff's complaint is devoid of any allegations by which the Court can reasonably infer that JD Home Rentals is acting under color of law, Plaintiff fails to state a claim under section 1983.

**B.     Diversity Jurisdiction**

Plaintiff also alleges that the defendant breached their contract by serving the quit notices. District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

Here, Plaintiff is a California resident and he is bringing this action against Defendant who is alleged to have a place of business in California. Therefore, it would not appear that diversity jurisdiction exists. Further, although Plaintiff is seeking actual damages of one million dollars ($1,000,000.00) and punitive damages of one million dollars ($1,000,000.00), the rental agreement for Plaintiff's apartment states that rent is $450.00 per month. It does not appear more likely than not that damages in this action would meet the jurisdictional requirement. Burk v. Medical Savings Ins. Co., 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004).

### III.

### CONCLUSION AND ORDER

Plaintiff's amended complaint fails to state a cognizable claim for a violation of his federal rights and this court does not have jurisdiction over Plaintiff's breach of contract claim. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts to allege a claim over which this court would have jurisdiction, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND and this action be DISMISSED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30)

days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 6, 2018**__

UNITED STATES MAGISTRATE JUDGE